# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH BRIAN JOYNER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:16cv00486 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LESLIE J. FLEMING, et al., | ) | By: Michael F. Urbanski |
|     Defendants. | ) | Chief United States District Judge |

Plaintiff Kenneth Brian Joyner, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. On April 30, 2019, defendant Unit Manager Jimmy Collins filed a motion to dismiss and, on May 1, 2019, the court issued a notice pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 2005). See ECF Nos. 77 and 79. The Roseboro notice gave Joyner twenty-one days to file a response to the motion and advised him that, if he did not respond, the court would "assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in [his] responsive pleading(s)." See ECF No. 79. The notice further advised Joyner that, if he wished to continue with the case, it was "necessary that Plaintiff respond in an appropriate fashion," and that if he failed to file some response within the time allotted, the court "may dismiss the case for failure to prosecute." Id. Joyner did not respond to the motion to dismiss. Therefore, the court will dismiss Joyner's claims against defendant Unit Manager Jimmy Collins without prejudice for failure to prosecute.

Moreover, the court notes that Joyner's amended complaint fails to state a cognizable federal claim against Unit Manager Jimmy Collins. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Joyner's

allegations are far too vague and conclusory to state a cognizable federal claim against Collins. The only times that Jimmy Collins is mentioned in the amended complaint are in the list of defendants and in the general description of defendants. Joyner states that Collins is "legally responsible for the day-to-day orderly operations of the VHU [(Grooming Standard Violator Housing Unit)]," is "well aware of the abuse of process continuously occurring towards [inmates in] the VHU, yet he insists on taking part in administering the intentional deprivation of property, lack of equal protection, and abuse of due process," "continues to demonstrate a nonchalant-so-what attitude towards any complaints from [Joyner], simply because he is a VHU prisoner with hair upon his head," makes comments that suggest that "prisoners who choose to grow their hair should not have any constitutional rights to due process," and continues to "personally and officially refuse and fail to take any corrective actions, [thereby] showing deliberate indifference." It is not clear from the amended complaint what "abuse of process" Joyner is referencing. To the extent Joyner is attempting to raise a supervisory liability claim, it fails. Supervisory liability under § 1983 may not be predicated only on the theory of <u>respondeat superior</u>. See <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 663 n.7 (1978). Moreover, a claim that prison staff did not follow VDOC policies or procedures also does not state a constitutional claim. See <u>United States v. Caceres</u>, 440 U.S. 741, 752-55 (1978); <u>Riccio v. Cnty. of Fairfax, Va.</u>, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). To establish supervisory liability under § 1983, a plaintiff must show that: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the

alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Joyner's assertions are too vague and conclusory to establish supervisory liability.

And, finally, to the extent that he complains about statements Collins allegedly made, the allegations fail to state a claim. Verbal harassment or verbal abuse by prison officials in and of itself does not state a constitutional deprivation under § 1983. Henslee v. Lewis, 153 F. App'x 178, 180 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); Johnson v. Laham, 9 F.3d 1543 (4th Cir. 1993). The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment of an inmate, even to an extent that it causes an inmate fear or emotional anxiety, does not constitute an invasion of any identified liberty interest. Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C. 1990) (finding that the threatening language of a prison official, even if true, does not amount to constitutional violation); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). Accordingly, the court concludes that Joyner's amended complaint fails to state a cognizable claim against defendant Jimmy Collins.

**ENTER**: This  6th day of December, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge